Ashlee B. Hesman, No. 012740
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
ahesman@strucklove.com

James E. Harper
Nevada Bar No. 9822
HARPER | SELIM
1935 Village Center Circle
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:    (702) 778-6600
Email: eservice@harperselim.com

*Attorneys for Defendants CoreCivic, Gutierrez, and Jimenez*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Christopher Busby,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., a foreign corporation; Officer Gutierrez, individually and in his official capacity; Officer Jimenez, individually and in her official capacity; DOES 1 through 10 inclusive; and ROE Corporations 1 through 10, inclusive;<br><br>　　　　　Defendants. | Case No. 2:25-cv-01823-JAD-DJA<br><br>**DEFENDANTS' MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>**(Renewed First Request)** |

　　　　Defendants CoreCivic, Inc., Officer Gutierrez, and Officer Jimenez (collectively, "Defendants"), pursuant to the Court's October 6, 2025 Order (Dkt. 6), file a renewed motion for a 14-day extension of time to respond to Plaintiff's Complaint.

　　　　On June 25, 2025, Plaintiff filed a Complaint against Defendants in the Fifth Judicial District Court, Nye County, Nevada, captioned *Christopher Busby v. CoreCivic, Inc., et al.*, Case No. CV25-0356. (Dkt. 1-3.) Defendants removed this action to this Court on September

26, 2025. (Dkt. 1.) Pursuant to Fed. R. Civ. P. 81(c)(2)(C), a defendant who did not answer before removal must file a responsive pleading within seven days after the notice of removal is filed. Accordingly, Defendants' responsive pleading was due October 3, 2025. On October 2, 2025, the Parties, pursuant to LR IA 6-1, timely filed a Joint Stipulated Motion to Extend Defendants' Deadline to Respond to Plaintiff's Complaint ("Joint Stipulated Motion") requesting that the Court extend Defendants' responsive pleading deadline by 30 days to November 3, 2025. (Dkt. 5.) On October 6, 2025, the Parties' Joint Stipulated Motion was denied, without prejudice, for failure to provide good cause pursuant to LR IA 6-1. (Dkt. 6.) Defendants provide good cause below.

Defendants' requested extension[1] is due to Defense counsel's conflicting deadlines and travel schedule. Specifically, Defense counsel was out of the office from September 30 through October 5, 2025, due to an illness and pre-booked travel. Additionally, Defense Counsel has several pretrial deadlines in various matters including, but not limited to: a Motion for Summary Judgment due October 6, 2025 in *Packard v. Ashworth, et al.*, No. 2:23-cv-00793-SRB-CDB (D. Ariz.); expert disclosures due October 13, 2025, in *Daniele v. Sheridan, et al.*, No. 2:24-cv-01909-SHD-ASB (D. Ariz.); and a trial setting conference and argument on October 14, 2025 in *Williams v. Yuma County, et al.*, No. 2:22-cv-00154-MTL-CDB (D. Ariz.).

Granting Defendants this brief extension will not prejudice Plaintiff as he previously agreed to a longer, 30-day extension. (Dkt. 5.) Defendants acted in good faith with respect to the Joint Stipulated Motion. This instant request to extend the deadline for Defendants to

---

[1] Given that the Parties' Joint Stipulated Motion was timely filed on October 2, 2025, there was no excusable neglect in the filing of the request for the extension before Defendants' October 3, 2025 responsive pleading deadline. However, to the extent the Court requires a showing of excusable neglect pursuant to LR IA 6-1, the failure to include counsel's various conflicts and travel as a showing of good cause was attributable to negligence, thus giving rise to excusable neglect. *See R.J. Armstrong Living Tr. v. Holmes*, 2024 WL 366094, at *2 (D. Nev. Jan. 31, 2024) ("Excusable neglect is an 'elastic concept' that is not limited strictly to omissions caused by circumstances beyond the control of the movant…" [and] "may encompass situations in which a failure to comply with a filing deadline is attributable to negligence." (citation omitted)). Undersigned counsel apologizes to the Court for the oversight and has amended the requested extension by two weeks.

respond to Plaintiff's Complaint is also made in good faith and not for delay purposes. No deadlines have been set and the parties have agreed to extend the deadline. Accordingly, Defendants respectfully request that the Court grant the instant Motion and extend Defendants' deadline to respond to Plaintiff's Complaint from October 3 to October 17, 2025.

### Conclusion

For these reasons, Defendants request that their Motion be granted.

DATED this 6th day of October 2025.

STRUCK LOVE ACEDO, PLC

By /s/ Ashlee B. Hesman
Ashlee B. Hesman
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
ahesman@strucklove.com

James E. Harper
HARPER | SELIM
1935 Village Center Circle
Las Vegas, NV 89134

*Attorneys for Defendants CoreCivic, Gutierrez, and Jimenez*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10/7/2025

3

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Marjorie Hauf
Matthew G. Pfau
Arun Luckoor
e-file@courtroomproven.com

*Attorneys for Plaintiff*

/s/ E. Percevecz

4